IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN SMITH, | : | CIVIL ACTION NO. 1:22-CV-844 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| MATTHEW JURNAK | : | |
| and MARK WAHL, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, John Smith, alleges that defendant prison officials violated his First, Fifth, and Fourteenth Amendment rights by limiting his access to the law library in the Waymart State Correctional Institution ("SCI-Waymart"). Defendants have moved to dismiss. The motion will be granted in part and denied in part.

**I.      Factual Background & Procedural History**

Smith initiated this case through the filing of a complaint on May 19, 2022, against defendants Matthew Jurnak, a librarian in SCI-Waymart, and Mark Wahl, SCI-Waymart's superintendent. (Doc. 1). The court received and docketed the complaint on May 27, 2022. (Id.)

According to the allegations in the complaint, Jurnak has refused to schedule Smith for law library time on several unspecified dates, despite the fact that other inmates from Smith's housing zone and block have been scheduled for law library time on those dates. (Id. at 12). Jurnak allegedly told Smith and other inmates that anyone who filed complaints or grievances would not be scheduled for law library

time.  (Id.)  The complaint alleges there are no space or overcrowding issues in the law library that would justify Jurnak's refusal to schedule Smith for law library time.  (Id.)  Smith has also allegedly been forced on unspecified dates to choose between attending law library and attending religious services.  (Id. at 14).  The complaint alleges that three open cases Smith has filed—Smith v. Hendrick, No. 1:21-CV-1704 (M.D. Pa. filed Oct. 6, 2021) (Conner, J.); Smith v. Morgan, No. 1:22-CV-200 (M.D. PA. filed Feb. 10, 2022) (Conner, J.); and Commonwealth v. Smith, No. CP-35-CR-0000119-2017 (Lackawanna Cnty. filed Jan. 18, 2017) (collateral challenge to conviction under Pennsylvania's Post-Conviction Relief Act)—"are being frustrated" by defendants depriving him of law library access.  (Doc. 1 at 16).  Smith clarifies, however, that his access to courts claim is based exclusively on defendants' actions impeding his ability to prepare and file an amended PCRA petition in Smith, No. CP-35-CR-0000119-2017.  (Id. at 17; see also Doc. 16 at 31-39 (stating that access to courts claim is based solely on PCRA claim)).

The complaint raises claims for denial of access to the courts, retaliation, violation of Smith's right to equal protection, and violation of Smith's freedom of religion.  (Id. at 17-18).  Smith seeks injunctive relief, declaratory relief, and damages.  (Id. at 19).  Defendants moved to dismiss the complaint on August 2, 2022.  (Doc. 11).  Briefing on the motion is complete and it is ripe for review.  (Docs. 12, 16).

## II.  Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted.  FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the

2

court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

     Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550

3

U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## III. Discussion

Smith brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

We first consider Smith's access to courts claim. Prima facie claims of denial of access to courts require allegations that (1) defendants impeded plaintiff's access to courts and (2) plaintiff suffered actual injury in his ability to access the courts. Lewis v. Casey, 518 U.S. 343, 351 (1996); Rivera v. Monko, 37 F.4th 909, 915 (2022). When access to courts claims are based on underlying claims that plaintiffs have not

4

yet filed, it must be alleged that the underlying claims are nonfrivolous and arguable and that defendants have frustrated plaintiff's ability to bring the claims. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (citing Lewis, 518 U.S. at 353 n.3).[1]

Smith's complaint fails to state an access to courts claim upon which relief may be granted. Defendants have purportedly hindered Smith's ability to file an amended PCRA petition, but other than the conclusory statement that defendants' actions are "frustrating him preparing and filing an amended PCRA petition," there is no allegation that defendants have actually harmed his access to courts. Moreover, the court takes judicial notice that Smith filed his amended PCRA petition on November 7, 2022. See Smith, No. CP-35-CR-0000119-2017. Hence, it appears that defendants' actions have not harmed his access to the courts.

Defendants argue that Smith's remaining claims fail to state a claim upon which relief may be granted because the complaint does not allege sufficient facts to give the defendants notice of the claims against them. (Doc. 12 at 11-12). With respect to Smith's equal protection claim, we agree. The equal protection claim is based on Smith's allegation that he has not been scheduled for law library time when other inmates from his zone and block have been, but he does not allege sufficient facts to determine whether the other inmates are similarly situated to him, such as the specific dates and times when he was denied access to the law

---

[1] Plaintiff argues he does not need to allege actual injury or a nonfrivolous underlying claim because his claim was forward looking to a claim that had not yet been filed. (See Doc. 16 at 31-39). This is incorrect, as controlling precedent requires allegations that defendants' actions have frustrated his ability to bring a non-frivolous and arguable underlying claim. See Christopher, 536 U.S. at 415.

5

library or the stated reasons, if any, that he was treated differently from the other inmates. Absent such allegations, the complaint fails to state an equal protection claim. See, e.g., Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (noting that class of one equal protection claim requires allegations that plaintiff was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment").

We likewise find the complaint has not alleged sufficient facts to give defendants notice as to the nature of Smith's First Amendment religious freedom claim. It is alleged that Smith was forced on unspecified dates to choose between attending religious services and attending the law library, but he does not allege what religion he practices, what religious services or ceremonies were occurring at the same time as his law library appointments, how often he was forced to choose, whether he was offered alternative law library appointments to accommodate his religious practice, or any other supporting facts that could give defendants notice of the nature of his religious freedom claim. We will also dismiss the complaint to the extent it attempts to raise a due process claim, as the due process claim is duplicative of the First Amendment religious freedom claim, (see Doc. 1 at 17), and suffers from the same pleading defects.

Contrary to defendants' argument, however, we find that the complaint provides adequate notice of a retaliation claim and pleads the elements necessary to state a retaliation claim. Retaliation claims require allegations that (1) plaintiff engaged in constitutionally protected conduct; (2) defendants took retaliatory action against plaintiff that was sufficient to deter a person of ordinary firmness from

6

exercising his constitutional rights; and (3) there was a causal connection between plaintiff's protected conduct and defendant's retaliatory action. Javitz v. Cty. of Luzerne, 940 F.3d 858, 863 (3d Cir. 2019). The complaint alleges that Smith has filed several complaints, that Jurnak told Smith that inmates who filed complaints would not be scheduled for law library time, and that Jurnak has continuously refused to schedule Smith for law library time. We find this sufficient to allege that Smith engaged in protected conduct, that Jurnak retaliated against him, and that there was a causal connection between the two.

Smith's claims against defendant Wahl will be dismissed for failure to allege personal involvement. A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence. Id.

The only factual allegation against Wahl is that Smith sent him letters detailing the alleged civil rights violations and Wahl did not take action to stop the alleged violations.[2] allegations that a plaintiff sent a letter to a supervisory

---

[2] Plaintiff alleges additional facts with respect to defendant Wahl in his opposition brief, (see Doc. 16), but these factual allegations will not be considered. A complaint may not be amended by briefs opposing a motion to dismiss. Com. of Pa. *ex rel.* Zimmerman v. PepsiCo. Inc., 836 F.2d 173, 181 (3d Cir. 1988).

defendant and that the defendant did not take action in response to the letter are not sufficient to allege the defendant's personal involvement.  See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020).  Hence, we will dismiss the claims against Wahl.

Finally, defendants argue that Smith's official capacity damages claims should be dismissed because defendants are immune from such claims under the Eleventh Amendment.  (Doc. 12 at 14).  Smith states in response that his damages claim is brought against the defendants only in their individual capacities.  (Doc. 16 at 17-18).  We will accordingly dismiss the complaint to the extent it raises official capacity damages claims.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips, 515 F.3d at 245.  With the exception of Smith's official capacity damages claims, we find that leave to amend is appropriate because the dismissed claims are factually, rather than legally, deficient.

## IV. Conclusion

We will grant in part and deny in part the motion to dismiss and grant plaintiff leave to amend.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    January 10, 2023