IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN SMITH, | : | CIVIL ACTION NO. 1:22-CV-844 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| MATTHEW JURNAK, *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983 arising from an allegation that two defendants interfered with pro se plaintiff John Smith's access to the courts by limiting his time in the law library at Waymart State Correctional Institution ("SCI-Waymart").  The court previously granted in part and denied in part a motion to dismiss filed by the original two defendants and granted plaintiff leave to file an amended complaint.  Smith responded by filing a 144-page document against numerous defendants asserting countless facts that are not related in any way to his original access to courts claim.  We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and will dismiss it for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8.  Smith will be granted one final opportunity to file an amended complaint, which shall be limited to his claim that defendant Jurnak retaliated against Smith by denying him access to SCI-Waymart's law library prior to May 19, 2022.  All other claims and defendants will be dismissed without prejudice to Smith's pursuit of unrelated claims in separate lawsuits.

I.      **Factual Background & Procedural History**

Smith filed his original complaint on May 19, 2022, and the court received

and docketed the complaint on May 27, 2022.  (Doc. No. 1.)  The original complaint

named two defendants: Matthew Jurnak, a librarian in SCI-Waymart, and Mark

Wahl, SCI-Waymart's superintendent.  (Id.)  We previously summarized the

allegations in the original complaint as follows:

> According to the allegations in the complaint, Jurnak has refused to
> schedule Smith for law library time on several unspecified dates,
> despite the fact that other inmates from Smith's housing zone and
> block have been scheduled for law library time on those dates.  Jurnak
> allegedly told Smith and other inmates that anyone who filed
> complaints or grievances would not be scheduled for law library time.
> The complaint alleges there are no space or overcrowding issues in the
> law library that would justify Jurnak's refusal to schedule Smith for
> law library time.  Smith has also allegedly been forced on unspecified
> dates to choose between attending law library and attending religious
> services.  The complaint alleges that three open cases Smith has filed
> . . . "are being frustrated" by defendants depriving him of law library
> access.  Smith clarifies, however, that his access to courts claim is
> based exclusively on defendants' actions impeding his ability to
> prepare and file an amended PCRA petition in Smith, No. CP-35-CR-
> 0000119-2017.

See (Doc. 29 at 1-2 (internal citations omitted).  The original complaint advanced

claims against Jurnak and Wahl for denial of access to courts, retaliation, violation

of Smith's right to equal protection, and violation of Smith's right to freedom of

religion based on their purported interference with his access to the law library.

(Id. at 17-18).

Jurnak and Wahl moved to dismiss the complaint on August 2, 2022.  (Doc.

11).  The court granted the motion in part and denied it in part on January 10, 2023.

(Docs. 29-30).  We dismissed the access to courts claim for failure to allege that

Smith suffered an actual injury to his access to the courts, dismissed the equal protection claim for failure to allege that Smith was treated differently from other similarly situated individuals, dismissed the freedom of religion claim for failure to allege sufficient supporting facts to show that a constitutional violation occurred, and dismissed all claims against Wahl for failure to allege Wahl's personal involvement in the alleged civil rights violations. (Doc. 29 at 5-8). We denied the motion to dismiss Smith's retaliation claim against Jurnak. (Id. at 6-7). Finally, we granted Smith leave to file an amended complaint to cure the deficiencies identified with respect to his access to courts, equal protection, and freedom of religion claims. (Id. at 8).

After the court granted several motions for extension of time, Smith timely filed an amended complaint on November 30, 2023. In contrast to Smith's original complaint—which was 20 pages long and contained concise factual allegations against only two defendants—the amended complaint is 144 pages in length and asserts allegations against 78 defendants arising from numerous events that are not connected to Smith's original claims in any way.

Among other allegations, the amended complaint alleges that: (1) SCI-Waymart employees arbitrarily remove inmates from the prison's "Sex Offender Program," (Doc. 60 at 22-23); (2) SCI-Waymart employees are abusing elderly inmates by "over medicating" them, (id. at 23); (3) SCI-Waymart misused grant money allocated to the prison to purchase new computers and windows for inmates, (id. at 24); (4) state court employees in the Lackawanna County Court of Common Pleas mailed items to Smith using a method that violated Pennsylvania Department

of Corrections ("DOC") mail policy, (id. at 39-42); (5) the relevant DOC mail policy

violates the Constitution, (id. at 42-44); (6) inmates in the DOC are not given access

to "the most current version of Microsoft Word which has features like spell check,"

(id. at 43); (7) Smith was subjected to an unconstitutional strip search in March

2020, (id. at 45-46); (8) Smith was provided inadequate dental care to treat an

instance of tooth pain in April 2020, which resulted in the tooth falling out, (id. at 46-

47); (9) prison staff failed to protect Smith from being hit by errant baseballs when

other inmates played baseball, (id. at 47); (10) prison staff informed other inmates

that Smith is a sex offender and allowed other inmates to attack him and steal from

him, (id.); (11) a correctional officer improperly handcuffed Smith on an unspecified

date (id. at 48); (12) a psychiatrist in the prison yelled at Smith during an

appointment, (id.); (13) Smith received inadequate medical care during and after an

incident in December 2020 in which his hemoglobin levels dropped to a

"dangerously low" level and he passed out while taking a shower, (id. at 65-67); (14)

Smith received inadequate medical care for another incident in which he fell in a

shower, (id. at 67-69); (15) Smith's due process rights were violated when he was

given frivolous misconduct charges, (id. at 82-86); (16) Smith's personal property

was improperly confiscated, (id. at 86); (17) prison officials improperly reviewed and

disclosed the results of an IQ test that Smith had taken (id. at 90); (18) Smith never

received two hoagies that he ordered from an inmate-run organization in the

prison, (id. at 95); (19) prison staff failed to protect Smith when "everyone in the

prison wanted to KILL" him, (id. (emphasis in original)); (20) prison staff hindered

Smith's ability to practice his Pagan religion (id. at 97, 125-28); (21) Smith was given

an inadequate amount of toilet paper, (id. at 111); (22) prison staff unconstitutionally

limited Smith's ability to send mail through the prison's institutional mail system,

(id. at 113-17); (23) Smith was subjected to unconstitutional conditions of

confinement, including a window and plaster falling on other inmates in separate

incidents, bricks being loose on several stairwells in the prison, a broken "glass

dome" in one area of the prison, chipped and peeling lead paint, asbestos, and black

mold, (id. at 119-20); (24) Smith was subjected to a retaliatory transfer from SCI-

Waymart to SCI-Huntingdon, (id. at 124); and (25) SCI-Huntingdon has been

violating anti-monopoly and anti-trust laws by lowering portion sizes for meals and

marking up commissary items since Smith was transferred there, (id. at 128).

In addition to asserting claims that are not related to the underlying denial of

access to the law library on which this case is based, the amended complaint also

alleges numerous facts that occurred after Smith filed his original complaint on

May 19, 2022, despite Smith neither seeking nor receiving leave of the court to file a

supplemental complaint.  See Garrett v. Wexford Health, 938 F.3d 69, 82 (3d Cir.

2019); see also, e.g., Horan v. Gross, No. 1:22-CV-1166, 2024 WL 115798, at *7 (M.D.

Pa. Jan. 10, 2024) ("Leave of the court is always required for a party to supplement

his pleading" (quoting FED. R. CIV. P. 15(d))); accord Cook v. Condo, No. 1:21-CV-

361, 2021 WL 5579706, at *3 n.2 (M.D. Pa. Nov. 30, 2021).  We now perform our

mandatory screening of the amended complaint.

## II.    Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a

complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or

seeks redress against a governmental employee or entity.  See 28 U.S.C. §

1915(e)(2);[1] 28 U.S.C. § 1915A.[2]  The court is required to identify cognizable claims

and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III.   Discussion

The Federal Rules of Civil Procedure require plaintiffs to file a "short and

plain statement of the claim showing that the pleader is entitled to relief."  FED. R.

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    **(2)** seeks monetary relief from a defendant who is immune from such relief.

Cɪᴠ. P. 15(a)(2).  "Notwithstanding a liberal construction of a pro se litigant's

complaint, if it is excessively lengthy and lacks clarity, it is in violation of this rule

and is subject to dismissal."  Endrikat v. Little, No. 23-2167, 2023 WL 8519196, at *3

(3d Cir. Dec. 8, 2023) (nonprecedential)[3] (citing In re Westinghouse Sec. Litig., 90

F.3d 696, 703 (3d Cir. 1996)); see also Stephanatos v. Cohen, 236 F. App'x 785, 787

(3d Cir. 2007) (nonprecedential) (affirming dismissal of pro se plaintiff's complaint

for violation of Rule 8 where plaintiff filed a plaintiff that was "approximately 550

pages" and was "not only of an unwieldy length" but also "largely unintelligible").

Smith's amended complaint egregiously fails to satisfy Rule 8's requirement

of a short and plain statement.  The amended complaint is 144 pages long and

asserts at least 25 distinct legal claims against 78 defendants that are not connected

in any way other than Smith's conclusory and unsupported assertion that all of the

claims are part of a "campaign of harassment."  (Doc. 60 at 21).  Although the

amended complaint does contain factual allegations pertaining to Smith's original

claims of denial of access to the prison law library, it would be nearly impossible for

defendants to wade through the 144-page document to find and respond to those

allegations given the immense volume of irrelevant facts, claims, and defendants

included in the amended complaint.  Indeed, given the scattered and unfocused

manner in which the amended complaint is written—Smith veers unpredictably

between claims, adds defendants at essentially random intervals throughout the

---

[3] The court acknowledges that nonprecedential decisions are not binding
upon federal district courts.  Citations to nonprecedential decisions reflect that the
court has carefully considered and is persuaded by the panel's *ratio decidendi*.

document, and often goes tens of pages between any factual allegations pertaining to his claims of access to the law library—it appears that Smith has authored the amended complaint with the goal to confuse and misdirect the reader rather than to give the reader notice of the nature of his claims as required by Rule 8. Hence, we will dismiss the amended complaint because it falls woefully short of satisfying the pleading requirements of Rule 8.

Before dismissing a civil rights complaint, district courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008). We will grant Smith leave to file a second amended complaint that is expressly limited to his retaliation claim against defendant Jurnak arising from Jurnak allegedly denying him access to SCI-Waymart's law library prior to May 19, 2022. Smith has had multiple opportunities to state claims against defendant Wahl and has failed to do so, and his claims against the other defendants have been improperly added to the case. Any claims against defendants other than Jurnak or any claims against Jurnak other than the aforementioned retaliation claim are dismissed. In addition, Smith's retaliation claim against Jurnak will be dismissed without further leave to amend in the event that Smith fails to timely file a second amended complaint.

**IV.    Conclusion**

We will dismiss the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)

and 28 U.S.C. § 1915A for failure to comply with Federal Rule of Civil Procedure 8.

Smith will be granted leave to file a second amended complaint with respect to his

retaliation claim against defendant Jurnak only.  All other claims and defendants

will be dismissed.  An appropriate order shall issue.


/S/ CHRISTOPHER C. CONNER

Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     March 22, 2024