**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN SMITH, | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:22-844 |
| v. | : | (JUDGE MANNION) |
| MATTHEW JURNAK, | : | |
| Defendant | : | |

## <u>MEMORANDUM</u>

Presently before the court in this prisoner civil rights case is defendant's motion for summary judgment. The motion will be granted.

## I.    PROCEDURAL HISTORY

Plaintiff, John Smith, filed this case on May 27, 2022, asserting a claim for retaliation and several other claims arising from allegations that the original defendants, Matthew Jurnak and Mark Wahl, limited his access to the prison law library at Waymart State Correctional Institution. (Doc. 1). The case was initially assigned to United States District Judge Christopher C. Conner.

On January 10, 2023, Judge Conner dismissed the complaint without prejudice except to the extent that it advanced a retaliation claim against defendant Jurnak and granted Smith leave to file an amended complaint. (Docs. 29-30). Smith filed his amended complaint on November 30, 2023.

(Doc. 60). Judge Conner, finding that Smith had improperly expanded the scope of the case by adding approximately 124 pages of additional allegations against 76 additional defendants covering numerous claims that were not factually related in any way to Smith's access to the prison law library, dismissed the amended complaint on March 22, 2024, and granted Smith leave to file a second amended complaint limited to the retaliation claim against defendant Jurnak. (Docs. 70-71).

The case was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement from the court. After being granted numerous extensions of time from Judge Conner, Smith timely filed his second amended complaint on January 31, 2025. (Doc. 90). The second amended complaint remains the operative pleading in this case.

Jurnak filed the instant motion for summary judgment on December 31, 2025, and filed his supporting brief and statement of material facts on January 14, 2026. (Docs. 100, 103-04). Jurnak argues that he should be granted summary judgment both because Smith failed to exhaust administrative remedies and because his claim fails on its merits. (Doc. 104).

Smith did not respond to the motion for summary judgment, but on February 18, 2026, he filed a letter requesting either that the discovery deadline be extended or that discovery be reopened. (Doc. 106). This court

2

denied the motion, noting that because the discovery and dispositive motions deadlines had expired, Smith would need to make an appropriate showing as to why additional discovery would be needed to respond to the motion for summary judgment. (Doc. 107). The court cited the relevant standard that Smith would need to satisfy to make such a showing and *sua sponte* extended the deadline for Smith to respond to the motion for summary judgment to March 31, 2026. (*Id.*) That deadline has since passed, and Smith has neither responded to the motion for summary judgment nor requested any additional extensions of time or any other equitable relief. The motion for summary judgment is accordingly ripe for review.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 254 (1986); *Aetna Cas. & Sur. Co. v.*

3

*Ericksen*, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge that burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving

4

party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23; *Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

## III.   MATERIAL FACTS[1]

### A.    Grievance Policy

Exhaustion of administrative remedies in the DOC is governed by the three-step process outlined in the DOC's grievance policy, DC-ADM 804. (*See* DC-ADM 804, Doc. 103-7). Under DC-ADM 804, a prisoner must first submit a grievance within fifteen working days from the date of the incident.

---

[1] Local Rule 56.1 requires a motion for summary judgment to "be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried" and requires that the party opposing a motion for summary judgment file a statement responding to the numbered paragraphs in the movant's statement of material facts, which "shall include references to the parts of the record" that support the nonmovant's opposition to the motion. M.D. Pa. L.R. 56.1. If a non-moving party fails to respond as required by Local Rule 56.1, the facts asserted in the moving party's statement are "deemed to be admitted." *Id.* In this case, Jurnak filed a statement of material facts as required by Rule 56.1, (Doc. 103), but Smith has not responded to the statement. The facts included in Jurnak's statement are accordingly deemed admitted for the purpose of resolving the motion for summary judgment. M.D. Pa. L.R. 56.1. The court cites directly to Jurnak's statement as to any facts included in the statement.

*Id.* §1(A)(8). DC-ADM 804 provides that the grievance must include "a statement of the facts relevant to the claim," "identify individuals directly involved in the events," and "specifically state any claims [the inmate] wishes to make." *Id.* §1(A)(11). If the inmate is unable to comply with the fifteen-day deadline, he may request an extension of time to file a grievance. *Id.* §1(C)(2). Next, the prisoner must submit a written appeal to an intermediate review level within fifteen working days. *Id.* §2(A)(1)(a). Finally, the inmate must submit an appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") within fifteen working days. *Id.* §2(B)(1)(b).

### B.   Plaintiff's Grievances

Smith claims in this case are based on alleged restrictions on his law library time between January 2022 and July 2022. (*See* Doc. 90 at 17-20; Doc. 103 ¶2). Smith did not file any grievance regarding his library time during that period until September 2022. (Doc. 103 ¶18).

### C.   Plaintiff's Law Library Access

Between January 2022 and July 2022, Smith attended 102 law library sessions for a total of 127.5 hours, and 26 recreational law library sessions for a total of 31.25 hours. (*Id.* ¶14). Smith was additionally granted extra law library time on several occasions in order to litigate ongoing lawsuits, as required by DOC policy. (*Id.* ¶¶15-17; Doc. 103-1 ¶14).

6

## IV.    DISCUSSION

### A.    Exhaustion

Under the Prison Litigation Reform Act ("PLRA"), prisoners complaining about the conditions of their confinement must exhaust available administrative remedies before they may file suit in federal court. 42 U.S.C. §1997e(a). The PLRA requires proper exhaustion, meaning plaintiffs must administratively grieve their claims in accordance with the procedural rules of the prison in which they are incarcerated. *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Failure to exhaust administrative remedies is an affirmative defense that defendants must plead and prove; it is not a pleading requirement for plaintiffs. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

A prisoner is only required to exhaust administrative remedies that are "available." *Rinaldi v. United States*, 904 F.3d 257, 268 (2018) (citing *Woodford*, 548 U.S. at 93). An administrative remedy is unavailable, and administrative exhaustion is thus excused, in three situations: "(1) when 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) when it is 'so opaque that it becomes, practically speaking, incapable of use,' such as when no ordinary prisoner can discern or navigate it; or (3) when 'prison administrators thwart

inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* at 266-67 (quoting *Ross v. Blake*, 578 U.S. 632, 643-44 (2016)). If defendants establish failure to exhaust administrative remedies, the burden shifts to the plaintiff to show that the administrative remedy process was unavailable. *Id.* at 268.

Jurnak argues that Smith failed to exhaust administrative remedies because he did not file a grievance about his claims until September 2022. (Doc. 104). Jurnak has provided evidence to support this fact, (Doc. 103 ¶18), and Smith has not provided any argument or evidence to refute it. The burden accordingly shifts to Smith to show that the grievance process was unavailable to him. *Rinaldi*, 904 F.3d at 268. Smith has clearly failed to meet that burden because he has not responded to Jurnak's motion in any manner. Thus, the court will grant the motion for summary judgment based on Smith's failure to exhaust administrative remedies.

### B.   Merits

Jurnak is also entitled to summary judgment on the merits. To succeed on a retaliation claim, a plaintiff must establish: (1) he engaged in constitutionally protected conduct; (2) the defendant took retaliatory action against him that was sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) there was a causal connection

between the protected conduct and the retaliatory action. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). Causation may be proven by showing either an unusually suggestive temporal proximity between the plaintiff's protected conduct and the defendant's allegedly retaliatory action or a pattern of antagonism coupled with timing. *Dondero v. Lower Milford Twp.*, 5 F.4th 355, 361-62 (3d Cir. 2021) (citing *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)). Causation may also be implied by "the record as a whole." *Id.* (citing *DeFlaminis*, 480 F.3d at 267).

Here, Smith has plainly failed to come forward with sufficient evidence for his retaliation claim to survive Jurnak's summary judgment motion. His retaliation claim is based on Jurnak purportedly denying him access to the law library because he filed complaints against Jurnak, but the record shows that Jurnak provided Smith ample law library time during the relevant period and provided him additional time as needed to litigate ongoing cases. (Doc. 103 ¶¶14-17). Smith has not provided any contrary evidence to show that the amount of law library time was somehow deficient, that he was given less library time than other inmates, or any other evidence from which it could be inferred that Jurnak was retaliating against him. Smith has also failed to produce any evidence to establish causation: there is no evidence that could establish a motive for Jurnak to retaliate against Smith, nor is there any

evidence to establish an unusually suggestive temporal proximity between Smith filing complaints and Jurnak denying him library time.[2] Accordingly, Jurnak is entitled to summary judgment because Smith's claim fails on the merits.

## V.   CONCLUSION

For the foregoing reasons, the court will grant defendant's motion for summary judgment and close this case. An appropriate order shall issue.


*s/ Malachy E. Mannion*
**Malachy E. Mannion**
**United States District Judge**

**Dated:   May 5, 2026**
22-844-01

---

[2] Smith has not provided evidence of which complaints he filed that purportedly caused Jurnak to retaliate against him, let alone evidence of when those complaints were filed.